UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSEPH ROUSE, :
:
                        Plaintiff, :    REPORT AND
:    RECOMMENDATION
      -against- :
:    No. 23-CV-6550-ENV-JRC
876 BROADWAY LLC and O & M PIZZA CORP., :
:
                      Defendants. :
:
------------------------------------------------------------------x

JAMES R. CHO, United States Magistrate Judge:

On August 31, 2023, plaintiff Joseph Rouse ("plaintiff") commenced this action against defendants 876 Broadway LLC and O & M Pizza Corp. ("defendants"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* *See* Compl. ¶ 1, Dkt. 1. Plaintiff seeks injunctive relief and an award of attorney's fees and costs.

Currently pending before this Court, on referral from the Honorable Eric N. Vitaliano, is plaintiff's motion for default judgment against defendants. *See* Mot. for Default J., Dkt. 18. For the reasons set forth below, this Court respectfully recommends granting plaintiff's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint, which are accepted as true for purposes of this motion.

Plaintiff suffers from T8 paraplegia, following an injury to his spine in 2010. *See* Compl. ¶ 2. As a result, he is constrained to ambulate in a wheelchair. *See id.* Plaintiff resides in Brooklyn, and prior to filing this action, on July 17, 2023, and again on August 4, 2023, he visited Little Italy Pizza, an establishment located at 876 Broadway, Brooklyn, New York 11206,

which is operated by defendant O & M Pizza Corp., at premises owned by 876 Broadway LLC. *See id.* ¶¶ 3-5, 9. Plaintiff alleges that he was unable to access the main entrance to the premises because there was a step and no ramp, and insufficient clearance, rendering the entrance inaccessible. *See id.* ¶¶ 14(1)-(7). He further alleges that the service counter was inaccessible to him because of its height, and the dining tables were inaccessible to him because of a lack of knee clearance. *See id.* ¶¶ 14(8)- (12).

Plaintiff asserts that he "lives only several miles from [Little Italy Pizza], passes by [Little Italy Pizza] at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out." *Id.* ¶ 6. He further alleges that Little Italy Pizza "is in a neighborhood that Plaintiff dines out two to three times per month," and that he "has dined at, and in, nearly all of the neighboring restaurants surrounding [Little Italy Pizza]." *Id.* Further, plaintiff alleges that "he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter" the restaurant. *Id.*

On August 31, 2023, plaintiff commenced this action. *See* Dkt. 1. On September 15, 2023, plaintiff served the corporate defendants through the New York Secretary of State. *See* Summons Returned Executed, Dkt. 8; Summons Returned Executed, Dkt. 9. Plaintiff also mailed the Summons and Complaint to defendants directly, and counsel made several attempts to reach defendants by letter and telephone. *See* Decl. of Maria-Costanza Barducci ("Barducci Decl.") ¶¶ 3-4, Dkt. 18. Defendants have not answered or otherwise responded to the Complaint. Following defendants' failure to respond to the Complaint, plaintiff requested that a Certificate of Default be entered against defendants, *see* Request for Certificate of Default, Dkts. 12, 13, and

the Clerk of Court thereafter noted their defaults, *see* Clerk's Entry of Default, Dkts. 14, 15.

On May 30, 2024, plaintiff filed his first motion for default judgment. *See* Dkt. 16. On September 26, 2024, then-magistrate judge Sanket J. Bulsara denied without prejudice plaintiff's motion for default judgment for failure to establish that he complied with Local Civil Rule 55.2(c), which requires that the motion be mailed to defendants. *See* Order dated 9/26/2024. Judge Bulsara further directed plaintiff to seek attorney's fees and costs in any renewed motion, or such relief would be deemed waived. *Id.*

On December 21, 2024, plaintiff re-filed the instant motion for default judgment. *See* Dkt. 18. Since plaintiff again failed to include a request for attorney's fees and costs with his motion, this Court directed him to supplement his submissions and file his fee application. *See* Order dated 6/20/2025.

## DISCUSSION

### I. Default Judgment Standard

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps to entering a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of the Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of the Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

3

Plaintiff properly served defendants by delivering and leaving a copy of the Complaint and Summons with the New York Secretary of State. *See* N.Y. Bus. Corp. L. § 306(b) (personal service on corporations); N.Y. C.P.L.R. § 311-a (personal service on limited liability companies); Fed. R. Civ. P. 4(h)(1)(B) (service on a corporation, partnership, or association). After defendants failed to respond to the Complaint, the Clerk of the Court noted their default. To date, defendants have not appeared or moved to vacate the entries of default.

When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Lab'ys, Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted). In addition, a fact is not considered "well-pleaded, if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice, or is contrary to uncontroverted material in the file of the case." *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-3259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotations and citations omitted). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d

610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

**II.     Standing**

It is well established that standing is an "irreducible constitutional minimum[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Thus, even though defendant[s] ha[ve] not appeared in this action and ha[ve] not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing." *Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *2 (E.D.N.Y. Dec. 20, 2013); *see Dunston v. Piotr & Lucyna LLC,* No. 21-CV-6402, 2023 WL 5806291, at *4 (E.D.N.Y. July 26, 2023), *report and recommendation adopted*, 2023 WL 5806253 (E.D.N.Y. Sept. 7, 2023); *Ross v. Royal Pizza Cafe Corp.*, No. 17-CV-6294, 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), *report and recommendation adopted*, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018).

"To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). In the ADA context, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation." *Brown v. Mermaid Plaza Assocs. LLC*, No. 13-CV-760, 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018) (quoting *Chapman v. Pier I Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)).

"In ADA cases, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300, 2024 WL 1006833, at *3 (E.D.N.Y. Mar. 8, 2024)

(citation omitted), *report and recommendation adopted*, Order (E.D.N.Y. Mar. 25, 2024); *see Brown*, 2018 WL 2722454, at *6 (internal quotation marks and citation omitted).

In ADA suits seeking injunctive relief to remedy lack of access to a public accommodation, courts have found standing where:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location.

*Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)) (brackets added in *Bernstein*); *see Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). "Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at [restaurants or] stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Ross*, 2018 WL 6313208, at *2 (internal quotation marks and citation omitted); *see Adams v. 8618-8620 Third Ave. Realty Corp.*, No. 22-CV-5722, 2023 WL 5279355, at *3 (E.D.N.Y. July 28, 2023), *report and recommendation adopted*, 2023 WL 5278483 (E.D.N.Y. Aug. 16, 2023); *Chavez v. L2 Liu Inc.*, No. 20-CV-1388, 2021 WL 1146561, at *3-4 (E.D.N.Y. Feb. 26, 2021), *report and recommendation adopted as modified*, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021).

Here, the allegations in plaintiff's Complaint are sufficient to establish his standing to seek injunctive relief under Title III of the ADA. Plaintiff alleges that he visited the restaurant twice prior to filing suit and encountered barriers to access. *See* Compl. ¶¶ 5, 9. Plaintiff represents that he intends to return to the restaurant to "avail himself of the goods and services

6

offered to the public," but will continue to be denied access in the future unless the architectural barriers to access are removed. *See id.* ¶ 5. Given the number and nature of the barriers described by plaintiff, including barriers to access the entrance, it is reasonable to infer that, absent a court order requiring remediation, the barriers will remain. Plaintiff alleges that he resides within a few miles of the subject restaurant in Brooklyn, passes by there at least once per week, and dines out at restaurants on the same street about once or twice per month. *See id.* ¶ 6. These allegations are sufficient to establish plaintiff's standing to seek injunctive relief under Title III of the ADA. *See Simon Prop. Grp.*, 428 F. App'x at 71 (finding that plaintiff's stated future intention to return to a mall in the area where his family lived was sufficient to establish ADA standing); *Conandy Realty*, 2024 WL 100683, at *4 (finding standing based on similar allegations); *Adams*, 2023 WL 5279355, at *3 (finding standing where plaintiff "reside[d] less than six miles from the Facility, passes the Facility at least once per week, dine[d] in the neighborhood several times per month, and alleged that he plan[ned] to return to the Facility"); *L2 Liu Inc.*, 2021 WL 1146561, at *4 (finding that it was "reasonably plausible that plaintiff has an intent to return to the Website and the Hotel" while "question[ing] why plaintiff would want to stay in a hotel so close to his home").

### III.    Liability

This Court concludes that plaintiff has established defendants' liability under Title III of the ADA. The applicable section of the statute provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To demonstrate liability under this provision, a

7

plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008).

### A. Disabled

Plaintiff has adequately alleged that he has a disability within the meaning of the ADA. The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [the] individual . . . includ[ing] . . . *walking*." 42 U.S.C. § 12102(1)(A), (2)(A) (emphasis added); *see* 29 C.F.R. § 1630.2(i)(1)(i) (same). Here, plaintiff adequately alleges that, as a result of a spinal injury, he is "bound to ambulate in a wheelchair." Compl. ¶ 2. Thus, plaintiff is a disabled individual for the purposes of the ADA, as he is substantially limited in the major life activity of walking. *See Pierre v. Smith St. Bagels Inc.*, No. 23-CV-7901, 2025 WL 2371077, at *3 (E.D.N.Y. July 3, 2025), *report and recommendation adopted*, 2025 WL 2371020 (E.D.N.Y. Aug. 14, 2025); *Volman v. Peri Peri 2 LLC*, No. 21-CV-4449, 2022 WL 21842356, at *4 (E.D.N.Y. Aug. 16, 2022) ("Since Plaintiff is bound to ambulate in a wheelchair and suffers from medical conditions that inhibit walking and restrict body motion, Plaintiff is clearly a disabled individual under the ADA.").

### B. Public Accommodation

Next, plaintiff has adequately alleged that defendants own, lease or operate a place of public accommodation. The ADA defines a public accommodation to include "a restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B). Here, plaintiff describes the subject premises, as a "public accommodation and service establishment" and a

8

"restaurant." Compl. ¶¶ 6, 7. Plaintiff further alleges that the restaurant is operated by defendant O & M Pizza Corp. and that the real property is owned by 876 Broadway LLC. *See id.* ¶¶ 3-4. Accordingly, the restaurant falls within the scope of the ADA, and defendants are subject to the ADA's prohibition of discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public. 42 U.S.C. § 12182(a); *see Smith St. Bagels*, 2025 WL 2371077, at *3.

### C. Discrimination

Finally, plaintiff has adequately alleged that he has been discriminated against within the meaning of the ADA. The ADA defines discrimination to include "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv); *see Roberts*, 542 F.3d at 367. Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Plaintiff alleges, and the Court accepts as true, that plaintiff was unable to access the property due to several physical barriers and defendants have failed to remove architectural barriers where such removal is readily achievable and would not impose an undue hardship on defendants. *See* Compl. ¶ 16.

Further, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." *Harty v. Spring Valley Marketplace LLC*, No. 15-CV-8190, 2017 WL 108062, at *5 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks and citation omitted); *see Conandy Realty*, 2024 WL 1006833, at *5; *Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746, 2020 WL 7481508, at *4-5 (E.D.N.Y. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020).

Here, plaintiff alleges that he had difficulties accessing the restaurant due to multiple architectural barriers to accessibility, including accessing the entrance, the service counter and the dining tables, in violation of the provisions of the ADAAG. *See* Compl. ¶ 14. The allegations in the Complaint thus establish defendants' ADA liability. *See Smith St. Bagels*, 2025 WL 2371077, at *3. Accordingly, the Court recommends entering judgment against defendants.

## IV.    Injunction

Plaintiff seeks injunctive relief requiring defendants to make the property accessible. Having found that plaintiff has established defendants' liability, a plaintiff must also establish his entitlement to injunctive relief. *See Chavez v. 25 Jay St. LLC*, No. 20-CV-845, 2021 WL 982865, at *2 (E.D.N.Y. Feb. 24, 2021), *report and recommendation adopted*, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021). "A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Shakuff LLC v. Shakuff Custom Glass Lighting Inc.*, No. 23-CV-123, 2025 WL 977725, at *10 (E.D.N.Y. Mar. 7, 2025) (citation omitted), *report and recommendation adopted*, 2025 WL 974642 (E.D.N.Y. Apr. 1, 2025); *Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 70 (E.D.N.Y. 2022) (citation omitted).

First, the ADA explicitly provides that "[i]n the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities[.]" 42 U.S.C. § 12188(a)(2). Thus, the first prong is satisfied. *See Sumlin v. N.Y. Beer Co., LLC*, No. 24-CV-8448, 2025 WL 1703067, at *5 (S.D.N.Y. June 18, 2025).

10

With respect to the prerequisites for the issuance of an injunction, first, plaintiff has established success on the merits because, as discussed above, plaintiff's allegations, which are assumed to be true due to defendants' default, establish defendants' liability pursuant to section 12182(b)(2)(A)(iv). In addition, plaintiff has established that he continues to suffer irreparable harm because his continued inability to access the restaurant cannot be remedied by monetary damages. *See Sumlin*, 2025 WL 1703067, at *5.

"[T]he often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." *Conandy Realty*, 2024 WL 1006833, at *6 (quoting *Apna Food & Oil Corp.*, 2020 WL 7481508, at *6). Having reviewed plaintiff's proposed order, *see* [Proposed] Final Default Judgment ("Proposed Judgment"), Dkt. 18-2,[1] the nature of the violations claimed by plaintiff, the nature of the relief required to afford redress, and the common practice in this District for awarding injunctive relief in ADA cases, the Court recommends the issuance of an injunction requiring defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint, and to provide plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation. *See, e.g., Conandy Realty*, 2024 WL 1006833, at *6; *Adams*, 2023 WL 5279355, at *5; *Apna Food & Oil Corp.*, 2020 WL 7481508, at *6; *O'Rourke v. Drunken Chicken in NY Corp.*, No. 19-CV-3942, 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020); *accord Cox v. Anjin LLC*, No. 19-CV-4315, 2020 WL 5027864, at *7 (S.D.N.Y. July 24, 2020), *report and recommendation adopted*, 2020 WL 5018255 (S.D.N.Y. Aug. 25, 2020).

---

[1] Plaintiff's proposed judgment includes a typographical error naming entities that are not parties to this case. *See* Dkt. 18-2.

11

The Court further recommends that the injunction afford plaintiff 30 days to file a motion seeking relief on the basis that defendants' proposed architectural plans are inadequate to remedy the ADAAG violations specified in the Complaint. *See Conandy Realty*, 2024 WL 1006833, at *6; *Drunken Chicken in NY*, 2020 WL 4013187, at *5.

Finally, the Court recommends that the injunction require defendants to implement the architectural plans and remedy the violations within 60 days of either plaintiff's agreement or a ruling by the Court that the plans are adequate. *See id.*

## V.     Attorney's Fees and Costs

A prevailing plaintiff in an ADA case is entitled to recover reasonable attorney's fees and costs. *See* 42 U.S.C. § 12205. In his motion for default judgment, plaintiff requested that he be permitted to file a motion for attorney's fees within 180 days of entry of judgment. *See* Barducci Decl. ¶ 11. By Order dated June 20, 2025, the Court directed plaintiff to file his application for an award of attorney's fees in conjunction with the motion for default judgment, rather than deferring the issue. *See* Order dated 6/20/2025. Plaintiff, thereafter, sought attorney's fees in the amount of $9,030 and costs totaling $2,878.79.[2] *See* Attorney's Fee Aff. ¶ 13, Dkt. 23; Attorney's Fees & Costs Statement ("Billing Records"), Dkt. 23-1.

Plaintiff bears the burden of proving the reasonableness of the fees sought. *See Savoie v. Merchs. Bank*, 166 F.3d 456, 463 (2d Cir. 1999). In considering an application for attorney's fees, the Court must first determine the presumptively reasonable fee. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008). This presumptively reasonable fee -- or lodestar -- is essentially "'what a reasonable, paying client

---

[2] In plaintiff's counsel's affirmation, plaintiff requests costs of $2,878.79. *See* Attorney's Fees Aff. ¶ 13, Dkt. 23. However, in the "Attorney's Fees & Costs Statement" attached to counsel's affirmation, Dkt. 23-1, counsel identifies costs of only $2,480.91, not $2,878.79.

12

would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007)).

The method for determining reasonable attorney's fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. *See id.* at 190. In a fee application, the "burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

Plaintiff seeks to recover for attorney's fees incurred in this matter at the rate of $525 per hour for legal work and $125 per hour for administrative tasks, for his counsel Maria-Costanza Barducci. *See* Billing Records, Dkt. 23-1. Ms. Barducci has "over 8 years of litigation experience" and has "handled approximately 32 ADA cases on behalf of Mr. Rouse and several other plaintiffs in the Eastern and Southern Districts of New York." Attorney's Fees Aff. ¶ 11.

However, the requested hourly rate of $525 is significantly higher than that which is typically awarded in this District on a default judgment for legal work performed in a "non-complex" ADA case. *See, e.g., Rouse v. Broadway & Cooper LLC*, No. 23-CV-7849, 2025 WL 1249605, at *3 (E.D.N.Y. Apr. 30, 2025); *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300,

13

2025 WL 914697, at *3 (E.D.N.Y. Mar. 26, 2025); *25 Jay St. LLC*, 2021 WL 982865, at *8-9 (in default judgment context, recommending a fee award of $300 per hour for attorney admitted in 1985); *Grinblat v. H & 6 Assocs. Inc.*, No. 19-CV-2034, 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending $300 hourly rate for counsel with 19 years of ADA-litigation experience), *report and recommendation adopted*, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020). Neither Ms. Barducci's background and experience, nor the straightforward nature of this case, justify an hourly rate of $525. In fact, several courts in this District, have commented on Ms. Barducci's boilerplate pleadings and motion papers in similar cases.[3]  *See, e.g., Broadway & Cooper*, 2025 WL 1249605, at *2; *Conandy Realty*, 2025 WL 914697, at *3. Courts in this District typically award experienced attorneys in similar cases hourly rates of $300 to $400. *Id.*

Similarly, $125 per hour is an unreasonable rate for administrative tasks. Courts in this District regularly award $75 per hour for administrative tasks, including in cases where Ms. Barducci appeared as counsel for plaintiff. *See Broadway & Cooper*, 2025 WL 1249605, at *3; *Conandy Realty*, 2025 WL 914697, at *3; *see also Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902, 2022 WL 543026, at *8 (E.D.N.Y. Jan. 10, 2022) (recommending reducing hourly rate for paralegal/secretarial tasks to $75), *report and recommendation adopted*, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022). Accordingly, this Court recommends awarding attorney's fees at an hourly rate of **$300** for legal work and **$75** for administrative tasks performed. *See*

---

[3] Indeed, plaintiff's motion for default judgment lists defendants from other cases and provides an incorrect address for the premises. *See* Dkt. 18 at ECF page 1 ("Plaintiff's Verified Motion for Default Judgment Final Judgment against Defendants *Conandy Realty LLC and Roma Crew Inc.*") (emphasis added); *id.* at ECF page 3 ("located at the subject property *165 Wilson Ave, Brooklyn, NY 11237.*") (emphasis added); Dkt. 18-2 at ECF page 1 ("Final Judgment against Defendants *Conandy Realty LLC and Roma Crew Inc.*") (emphasis added).

*Broadway & Cooper*, 2025 WL 1249605, at *3; *Conandy Realty*, 2025 WL 914697, at *3; *Treyger*, 2022 WL 543026, at *8-9.

Next, this Court must determine whether the hours billed were also reasonable. Courts award fees only for hours that are "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "When considering an application for attorneys' fees, the Court should exclude 'excessive, redundant, or otherwise unnecessary' hours." *Dominic Schindler Holding, AG v. Moore*, No. 20-CV-4407, 2022 WL 987428, at *9 (E.D.N.Y. Jan. 12, 2022) (quoting *Hensley*, 461 U.S. at 434). "[I]n dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application[.]'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citation omitted); *see Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022); *Ortiz v. City of N.Y.*, 843 F. App'x 355, 360 (2d Cir. 2021); *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516, 2022 WL 493728, at *6 (E.D.N.Y. Jan. 24, 2022), *report and recommendation adopted*, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022).

Plaintiff seeks attorney's fees based on 20.5 total hours, including 3.3 hours of "administrative hours" and 17.2 of "legal hours." Dkt. 23-1 at ECF page[4] 2. The hours set forth in these contemporaneous time records are largely reasonable, albeit at the high end of the range of reasonableness. However, some of the time entries attributed to "legal work," actually reflect time spent on "administrative work." Counsel billed 1.4 hours at her "legal" rate for mailing motion papers to defendant. *See* Dkt. 23-1 (entries dated 1/18/2024 and 6/24/2025). These are administrative tasks that could have been completed by legal support staff. *See Tenecora v. Ba-*

---

[4] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

15

*kal Rest. Corp.*, No. 18-CV-7311, 2020 WL 8771256, at *31-32 (E.D.N.Y. Nov. 30, 2020), *report and recommendation adopted in part*, 2021 WL 424364 (E.D.N.Y. Feb. 8, 2021). Accordingly, this Court recommends awarding attorney's fees to plaintiff for **4.7** hours of administrative work (3.3 + 1.4) and **15.8** hours for legal work (17.2 – 1.4).

For the reasons discussed above, the Court recommends awarding attorney's fees, based on the hourly rates recommended above, in the amount of **$5,092.50** ($300 x 15.8 hours + $75 x 4.7 hours).

Plaintiff has identified costs of $2,480.91. *See* Dkt. 23-1 at ECF page 2. According to plaintiff's counsel's billing records, this amount is comprised of an "ADA Consultant Report" for $1,500.00, the $402.00 court filing fee, $500.00 in process server fees, and $78.91 in postage costs. *See id.*

"A [plaintiff] awarded attorney's fees is also entitled to compensation for 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *H & 6 Assoc. Inc.*, 2020 WL 7000347, at *5 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citations omitted)). Such expenses ordinarily include "[c]osts relating to filing fees, process servers, postage, and photocopying[.]" *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested[,]" *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229, 2020 WL 1666460, at *9 (E.D.N.Y. Apr. 2, 2020) (citation omitted), except for the filing fee, which may be recovered without supporting documentation if verified by the court's docket, *see Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 219 (E.D.N.Y. 2019).

Regarding the ADA consultant fee, "[t]he court in its discretion may award a prevailing

16

party its reasonable expert fees as a litigation expense pursuant to the ADA." *Feltzin*, 393 F. Supp. 3d at 217; *see Conandy Realty*, 2025 WL 914697, at *4. Courts consider the following factors in determining the reasonableness of an expert fee: "(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters[.]" *Conandy Realty*, 2025 WL 914697, at *4 (quoting *Indep. Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 501 (S.D.N.Y. 2019)).

  Here, plaintiff has failed to provide sufficient information for the court to find that plaintiff's requested expert fee is reasonable. Plaintiff has not submitted a paid invoice, provided the consultant's name, or offered any evidence for the Court to evaluate the expert's qualifications, billing rate or areas of expertise. In the absence of any supporting documentation or receipts concerning these costs, the Court would be justified in denying an award for expert fees altogether. *See Isakov v. Parched Hosp. Grp., Inc.*, No. 25-CV-1407, 2025 WL 1569991, at *1 (S.D.N.Y. June 3, 2025) (denying request for expert fees); *Feltzin*, 393 F. Supp. 3d at 219-20 (collecting cases). However, even in the absence of an adequate explanation, a court "may exercise its discretion to determine a reasonable fee." *Conandy Realty*, 2025 WL 914697, at *5. Having reviewed plaintiff's submissions, including plaintiff's detailing of the violations of the applicable accessibility standards set forth in the ADA Accessibility Guidelines, this Court finds that some award of expert fees is reasonable. *Id.* Under the circumstances, the Court

recommends awarding plaintiff **$500** for expert fees. *See Sarwar v. 3108 Linden Hotel, Inc.*, No. 20-CV-10608, 2022 WL 1645652, at *2 (S.D.N.Y. May 24, 2022) (awarding requested expert fee of $650 for ADA inspection); *Sarwar v. Expert Hosp. LLC*, No. 20-CV-10529, 2021 WL 11646301, at *3 (S.D.N.Y. Mar. 3, 2021) (reducing award of expert fee to $325 or 50 percent of amount requested), *report and recommendation adopted*, 2021 WL 11646302 (S.D.N.Y. Mar. 23, 2021).

As to the remaining costs incurred, court filing fees, service of process fees and postage costs are routinely compensable. *See Finkel v. O.H. & M. Elec., Corp.*, No. 23-CV-1076, 2024 WL 4648136, at *7 (E.D.N.Y. Jan. 19, 2024); *Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (awarding costs for photocopies, filing fees, court reporter fees, Westlaw research, postage, faxes, and transportation). Accordingly, the Court further recommends awarding costs in the amount of **$1,480.91** ($500 + $402 + $500 + $78.91).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends granting plaintiff's motion for default judgment as follows: (1) entering judgment against defendants under the ADA; (2) issuing an injunction requiring defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint, and to provide plaintiff's counsel with the plans within 60 days of any order adopting this Report and Recommendation; and (3) awarding plaintiff **$5,092.50** in attorney's fees, and **$1,480.91** in costs.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to defendants at their last known address and to file proof of service on ECF by September 11, 2025. Any objections to the recommendations made in this

Report must be filed with the Honorable Eric N. Vitaliano within 14 days after the filing of this Report and Recommendation and, in any event, on or before September 22, 2025.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
September 8, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge